REBEKAH C. MILLARD, OSB #121199
rmillard@freedomfoundation.com
JAMES ABERNATHY, OSB #161867
jabernathy@freedomfoundation.com
FREEDOM FOUNDATION
PO Box 552
Olympia, WA 98507
Telephone: 360.956.3482

*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **Ryan Cram, Laura Bailey, Richard Campbell, Barbara Grabell, Renee Lehner, Katherine Manglona, Deanne Murfin, Ruth Olson, Cori Stephens,** and **Kathleen Tryon,** as individuals and representatives of the respective requested classes;<br><br>                              Plaintiffs,<br>v.<br><br>**Service Employees International Union Local 503, Oregon Public Employees Union,** a labor organization; and **Katy Coba,** in her official capacity as Director of the Oregon Department of Administrative Services;<br><br>                              Defendants. | Case No. 6:20-cv-00544<br><br>**CLASS ACTION ALLEGATION COMPLAINT & DEMAND FOR JURY TRIAL**<br><br><br>**Constitutional Violation (42 U.S.C. § 1983)** |

## INTRODUCTION

1. For more than two decades, Oregon's largest public-sector labor union collected approximately $2.75 per month as a special, political assessment (the "Issues Assessment") on all public employees in its bargaining units. The union, Service Employees International Union Local 503 (SEIU 503), obscured the purpose of this assessment, failing to provide effective notice or opportunity to object.

2. The Supreme Court has always held it to be unconstitutional for any public sector union to compel employees in its bargaining units to fund or subsidize the union's political activities.

3. Plaintiffs are public employees in bargaining units represented by SEIU 503.

4. SEIU 503 takes the Issues Assessment from public employees without their permission, without explanation, and without proportionate return to objecting nonmembers. Even for members, Local 503 hides the political purpose thus avoiding possible objections.

5. Plaintiffs seek declaratory and injunctive relief, as well as compensatory and nominal damages for injuries caused by Defendant SEIU 503's conduct, for themselves and other similarly situated employees.

## PARTIES

6. Plaintiff Ryan Cram resides in Douglas County, Oregon.

7. Plaintiff Barbara Grabell resides in Deschutes County, Oregon.

8. Plaintiff Renee Lehner currently resides in Mohave County, Arizona.

9. Plaintiffs Ruth Olson, Deanne Murfin, Cori Stephens, and Kathleen Tryon reside in Marion County, Oregon.

10. Plaintiff Laura Bailey resides in Josephine County, Oregon.

11. Plaintiff Katherine Manglona resides in Jackson County, Oregon.

CLASS ACTION COMPLAINT - 2



FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

12. Plaintiff Richard Campbell resides in Washington County, Oregon.

13. Defendant Service Employees International Union Local 503, Oregon Public Employees Union ("SEIU 503" or the "Union"), whose office is located at 1730 Commercial Street SE, Salem, Oregon 97302, is a state-wide labor union, which for collective bargaining purposes represents Plaintiffs.

14. Defendant Department of Administrative Services ("DAS") is responsible for paying the wages of employees of the various agencies of Oregon State government, including Plaintiff Employees and Class members. Pursuant to State law and the applicable Collective Bargaining agreements, DAS deducts monies, including the Issues Assessment, from Plaintiffs' lawfully earned wages and remits these respective monies to SEIU 503. Defendant Katy Coba is Director of the Oregon DAS and is sued in her official capacity.

## JURISDICTION AND VENUE

15. This Court has jurisdiction to adjudicate this case pursuant to 28 U.S.C. § 1331, because it arises under the United States Constitution, and pursuant to 28 U.S.C. § 1343, because Plaintiffs seek relief for themselves and class members under 42 U.S.C. § 1983. This Court has the authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

16. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants reside or do business in this district.

## FACTUAL ALLEGATIONS

17. According to information and belief, beginning in 1998, SEIU 503 has collected an amount of approximately $2.75 per month as a special, political assessment from the wages of all public employees who are subject to union dues deductions or who were subject to "fair-share" fee deductions (the "Employees") as union nonmembers.

18. This Issues Assessment is for expressly political purposes as described in SEIU 503's Administrative Policies & Procedures manual:

> Dues Assessment/Issues Fund: There shall be an on-going dues assessment dedicated to promoting and defending the interests of the membership through public issue campaigns including ballot measures. The amount, as determined by the Board, is not to exceed $3.00/month (pro-rated for part-time employees); the issues and initiative deduction will be suspended when the fund balance reaches $1.5 million and resumes again when the fund spends down to $500,000.[1]

19. This Issues Assessment is imposed without providing any opportunity for nonmembers to decide whether they wished to contribute to this effort, even though SEIU 503 specified the purpose of the fund was to mount political campaigns, not ordinary union expenses.

20. The $2.75 deduction is in addition to the deduction of regular SEIU 503 fees or dues.

21. The only notice an employee receives is a line on employees' paystubs titled, "SEIU ISSUES," and Local 503 provides nothing to indicate this is the fund described in its manual.

22. Plaintiff employees are not union members and have not waived their First Amendment right to *not* fund political advocacy, whether through union fees, dues or special assessments.

23. The Supreme Court in *Abood v. Detroit Bd. of Ed.*, 431 U.S. 209, 235-36 (1977), held that a public employer may not, consistent with the First Amendment, compel public employees "to contribute to the support of an ideological cause he may oppose" as a condition of holding a public-sector job. Under *Abood*, only union fees related to collective bargaining could be required as a condition of employment. *Id*. at 237-38. The Issues Assessment is for political purposes such as initiatives, not for collective bargaining.

---

[1] Available at https://seiu503.org/wp-content/uploads/2018/11/2019-APP-Revised-5-18-2019.pdf, at 33 (last accessed March 13, 2020). The manual does not identify the name of this special political fund.

CLASS ACTION COMPLAINT - 4



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

24. According to information and belief, SEIU 503 has not provided adequate explanation and opportunity to object to deduction of SEIU Issues Assessments as required by *Chicago Teachers Union, Local No. 1, AFT, AFL-CIO v. Hudson,* 475 U.S. 292 (1986). Even if an employee objected to SEIU 503's use of their dues for political purposes, the SEIU Issues Assessment continued to be taken out of their paychecks, and adequate refund for the SEIU Issues Assessment was not provided to objecting employees.

25. The Supreme Court in *Knox v. Service Employees International Union, Local 1000*, 567 U.S. 298 (2012), held that a public-sector union must first obtain affirmative consent before deducting money for political campaigns from the wages of a nonmember public employee. *Id.* at 322-323. SEIU 503 did not obtain adequate affirmative consent from employees prior to taking the SEIU Issues Assessment.

26. The Supreme Court in *Janus v. American Federation of State, County, and Mun. Employees, Council 31,* 138 S.Ct. 2448 (2018), held that *no union dues or fees* may be deducted from a public employee's wages without an appropriate First Amendment waiver. *Id.* at 2486. SEIU 503 did not obtain a waiver of First Amendment rights prior to taking the SEIU Issues Assessment from employee paychecks.

27. Under the terms of the applicable Collective Bargaining Agreements, Defendant DAS deducts union dues and the SEIU Issues Assessment from employee paychecks at the direction of SEIU 503 and for the benefit of the Union.

28. Defendants' practice of taking an SEIU Issues Assessment from public employees without the employees' affirmative consent violates the First Amendment.

29. The overtly political purpose of this assessment, and the Supreme Court's clear guidance in the holdings referenced above, means that Defendants could not have acted in good faith

reliance on prior law as justification in taking this money from Plaintiffs.

### *Employees Formerly Paying Agency Fees*

30.     Prior to June 27, 2018 public sector employees, including Plaintiffs, were required to pay fees in lieu of membership if they did not become union members. Employees who did not become members and who objected to the deduction of fees for purposes other than collective bargaining, were entitled to a refund of a portion of the fees the union took from them under *Hudson*, 475 U.S. 292.

31.     According to information and belief, SEIU 503 did not adequately explain the Issues Assessment in its notice or refunds to objecting nonmembers.

32.     According to information and belief, SEIU 503 did not obtain advance authorization for deduction of the Issues Assessment from nonmembers.

33.     Thus, for Plaintiff Employees who are or who were nonmembers of the Union, without permission and over their objection, SEIU 503 collected the special Issues Assessment from nonmember employee wages specifically for political purposes.

34.     Plaintiff **Ryan Cram** is employed by Oregon Department of Human Services, in a bargaining unit represented by SEIU 503.

35.     During approximately three years (from 2015 to May 2018) when Cram was not a Union member, SEIU 503 continued to deduct $2.75 per month from Cram's wages.

36.     Cram specifically asked SEIU 503 for an explanation of the SEIU Issues Assessment on more than one occasion. SEIU 503 did not provide adequate explanation of the assessment or a valid reason for taking this money absent notice to and consent from Cram and other employees.

37.     Plaintiff **Barbara Grabell** is employed by the Oregon Water Resources Department in a bargaining unit represented by SEIU 503.

38. Since January 1997, Grabell has been a non-member of SEIU 503, yet SEIU 503 deducted $2.75 per month from Grabell's wages for the SEIU Issues Assessment until June of 2018.

39. Plaintiff **Renee Lehner** was employed by the Oregon Department of Consumer and Business Services in a bargaining unit represented by SEIU 503.

40. From May 2011 to her retirement in September 2018, Lehner was a non-member of SEIU 503, yet SEIU 503 deducted $2.75 per month from Lehner's wages for the SEIU Issues Assessment.

41. Plaintiff **Ruth Olson** is employed by Oregon Department of Transportation in a bargaining unit represented by SEIU 503.

42. Since May 1, 2018, Olson has been a non-member of SEIU 503, yet SEIU 503 deducted $2.75 per month from Olson's wages for the Issues Assessment.

### *Objecting Nonmembers Held to Former Dues Agreements*

43. Employees who choose to join SEIU 503 are generally obligated to sign membership agreements that purport to bind the employee to pay union dues for a specified period of time. Employees who join the Union are not thereby informed of their rights, however.

44. Since the United States Supreme Court's *Janus* decision in June 2018, thousands of public employees have resigned SEIU Local 503 union membership.

45. SEIU 503 generally allows members to resign membership upon request, but requires that they continue to pay union dues until a specified window period, often several months to a year after the employee resigns membership.

46. Neither SEIU 503 representatives, nor public employers, nor the terms of SEIU 503's membership application inform employees: (1) that if they chose to join the union, the union would charge them the additional $2.75 political assessment; (2) of their right to refrain from financially

CLASS ACTION COMPLAINT - 7

supporting a union; (3) that they are not required to join the union or pay money to the union as a condition of employment; or (4) that the union owes a duty of fair representation even if they chose not to join or give money to the union.

47. SEIU 503 collected its special SEIU Issues Assessment out of Employee wages specifically for political purposes without Employee knowledge or permission.

48. Plaintiff **Cori Stephens** is employed by the Oregon Health Authority, in a bargaining unit represented by SEIU 503.

49. Stephens signed a membership enrollment form with SEIU 503 on August 23, 2017. At the time, had she chosen not to sign a membership card, Stephens would still have been forced to pay fees to the union, including the Issues Assessment.

50. On August 3, 2018, Stephens objected to union membership and dues deductions. However, SEIU 503 refused to cease dues deductions or the deduction of the Issues Assessment and continued taking both until July 7, 2019.

51. Wanting to know more about SEIU 503's use of her money, Stephens called SEIU 503 on August 29, 2018. The Union representative she spoke to told her that SEIU 503 was not using her money for political purposes. The representative did not explain the Issues Assessment.

52. Plaintiff **Laura Bailey** is employed by the Oregon Youth Authority, in a bargaining unit represented by SEIU 503.

53. Bailey signed a membership enrollment form with SEIU 503 on September 11, 2017. At that time, had she chosen not to sign a membership card, Bailey would still have been forced to pay fees to the union, including the Issues Assessment.

54. SEIU 503 did not provide Baily with notice or information relating to the SEIU Issues Assessment.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

55. In or near November 2018, Bailey objected to union membership and dues deductions. However, SEIU 503 refused to cease dues deductions or the deduction of the Issues Assessment and continued taking both until July 2019.

56. Plaintiff **Richard Campbell** is employed by the Oregon Department of Administrative Services, in a bargaining unit represented by SEIU 503.

57. Campbell signed a membership enrollment form with SEIU 503 on November 9, 2017. At that time, had he chosen not to sign a membership card, Campbell would still have been forced to pay fees to the union, including the Issues Assessment.

58. On October 26, 2018, Campbell objected to union membership and dues deductions. However, SEIU 503 refused to cease dues deductions or the deduction of the Issues Assessment and continued taking both until September 29, 2019.

59. Plaintiff **Katherine Manglona** is employed by the Oregon Department of Human Services, in a bargaining unit represented by SEIU 503.

60. According to information and belief, Manglona signed a membership form with SEIU 503, but later objected to union membership and dues deductions. SEIU 503 refused to cease dues deductions or the deduction of the Issues Assessment, and continued taking both out of her wages.

61. Plaintiff **Deanne Murfin** is employed by the Oregon Department of Human Services, in a bargaining unit represented by SEIU 503.

62. Murfin signed a membership enrollment form with SEIU 503 on April 17, 2019.

63. On or near June 25, 2019, Murfin objected to union membership and dues deductions. However, SEIU 503 refused to cease dues deductions or the deduction of the Issues Assessment and continued to take both until March 3, 2020.

64. Plaintiff **Kathleen Tryon** is employed by the Oregon Office of Administrative Hearings, in a bargaining unit represented by SEIU 503.

65. Tryon signed a membership enrollment form with SEIU 503 on August 19, 2017. At that time, had she chosen not to sign a membership card, Tryon would still have been forced to pay fees to the union, including the Issues Assessment.

66. On October 16, 2018, Tryon objected to union membership and dues deductions. However, SEIU 503 refused to cease dues deductions or the deduction of the Issues Assessment and continued taking both until July 5, 2019.

## CLASS ALLEGATIONS

67. Plaintiffs (Class Representatives) bring this case as a class action pursuant to Federal Rules of Civil Procedure 23 and Rule 23 of the Local Rules of Civil Procedure, for themselves and for all others similarly situated, and any subclasses deemed appropriate by this Court. The Classes that the Class Representatives seek to represent are defined as follows:

**Class I:** All individuals: 1) who are public-sector employees exclusively represented by SEIU 503 and its local affiliates; 2) who were not union members prior to June 27, 2018; and 3) who were subjected to the SEIU Issues Assessment. This class includes everyone who comes within the class definition at any time from two (2) years prior to the commencement of this action until the conclusion of this action.

**Class II:** All individuals: 1) who are public-sector employees exclusively represented by SEIU 503 and its local affiliates; 2) who were previously union members, but who have resigned their union membership; and 3) who were, as nonmembers, subjected to deductions for the SEIU Issues Assessment. This class includes everyone who comes within the class definition at any time from two (2) years prior to the commencement of this action until the conclusion of this action.

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

68. Upon information and belief, there are likely thousands of Class members in both categories in varying locations across Oregon. The Classes proposed are so large and geographically diverse that joinder is impractical, but common questions of law and fact are presented, the claims and defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interests of the class, so as to satisfy Fed.R.Civ.P. 23(a) and L.R. 23-2(a).

69. There are questions of law and fact common to all Class members, and these common questions of law or fact predominate over any questions affecting only individual members of the Classes. Common questions, within the meaning of L.R. 23-2(4) include, but are not limited to: whether Defendants violated or violate Class members' First Amendment rights by deducting the Issues Assessment despite Defendants' failure to provide notice or to obtain clear and affirmative consent for these political contributions.

70. The Class Representatives' claims are typical of the claims of the Class they seek to represent in that the Class Representatives, and all members of the proposed classes, suffer the seizure of the political assessment which is expressly for political purposes, despite Defendants' failure to obtain clear and affirmative consent for political contributions, and also despite the Class Representatives' and Class members' subsequent express objection to the deductions. The Defendants have an identical duty to Class Representatives and all other Class members regarding these claims.

71. Further, the Class Representatives can and will fairly and adequately represent the interests of the Classes, and are therefore adequate Class Representatives for purposes of L.R. 23-2(3).

72. Defendants' duty to cease the political assessment deductions, and the Union's duty

to pay back all monies deducted without Plaintiffs' legally valid consent applies equally to all Class members. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

73. Defendants have acted to deprive Class Representatives and all Class members of their constitutional rights on grounds generally applicable to all, thereby making appropriate declaratory, injunctive, and other equitable relief with regard to the Classes as such.

74. A class action may be maintained under Rule 23(b) and L.R. 23-2(2) because separate actions by Class members could risk inconsistent adjudications on the underlying legal issues.

75. Alternatively, a class action may be maintained under Rule 23(b) and L.R. 23-2(2) because an adjudication determining the constitutionality of the SEIU 503 political assessment in the aforementioned circumstances, as a practical matter, will be dispositive of the interests of all Class members.

76. Alternatively, a class action may be maintained under Rule 23(b) and L.R. 23-2(2) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members in that the important and controlling questions of law and fact are common to all members of the Classes, *i.e.*, whether the political assessment violates the First Amendment rights of Class members.

77. A class action is superior to other available methods for the fair and efficient adjudication of the controversy in as much as the individual Class members are deprived of the same rights by Defendants' actions. The limited amount of money involved in the case of each individual's claim would make it burdensome for the class members to maintain separate actions.

78. The illegal actions taken by Defendants were taken pursuant to the same statutes and

collective bargaining agreements, and constitute a concerted scheme resulting in the violation of the rights of Plaintiffs and Class members. Additionally, the affiliation among the Defendants makes it expedient for the named Plaintiffs and members of the Class to proceed against all named Defendants.

## CAUSES OF ACTION

79. Plaintiffs reallege and incorporate by reference the paragraphs set forth above in each section of this Complaint.

80. Defendants act jointly and under color of state law by collectively bargaining for an agreement for the State to deduct, cause the deduction of, or collect the Issues Assessment from the lawfully earned wages of Plaintiffs and the members of the Class, or by having done these things in the past, and diverting these funds to Local 503.

81. The First Amendment prohibits the government and unions from seizing money for political contributions from public employees' wages without notice and an opportunity to object.

82. The First Amendment prohibits the government and unions from seizing money from Employees' wages for political contributions absent notice of the practice, the opportunity to object (including the calculation of how much was being spent), clear and affirmative consent, and a valid waiver of their First Amendment rights.

83. Defendants gave no information to Plaintiffs that notified Plaintiffs of their First Amendment rights to refrain from subsidizing or associating with SEIU 503's political activities.

84. SEIU 503 membership forms do not notify employees that they have a First Amendment right not to financially support the union, nor do the forms notify employees that SEIU 503 will make a monthly $2.75 deduction from their wages for political purposes.

85. Plaintiffs did not voluntarily, knowingly, or intelligently waive their First

Amendment rights to refrain from subsidizing SEIU 503's political speech.

## COUNT I
### Violation of the First Amendment (42 U.S.C. § 1983)
### (Against All Defendants)

86. Plaintiffs reallege and incorporate by reference the paragraphs set forth above in each section of this Complaint.

87. The deduction of the political assessment, the SEIU Issues Assessment, violates Plaintiffs' and Class Members' First Amendment rights, as applied to the states by the Fourteenth Amendment, because Defendants deduct a political assessment from Plaintiffs' and Class Members' wages without evidence that they affirmatively consented to the political assessment and that they waived their First Amendment rights to refrain from subsidizing union political speech.

88. SEIU 503's assessment and collection of the Issues Assessment does not serve a compelling state interest and is not narrowly tailored to minimize the infringement of Plaintiffs' and Class Members' First Amendment rights.

89. Plaintiffs and Class members have been irreparably injured by a violation of their First Amendment rights, for which there is no adequate remedy at law. As a result, Plaintiffs seek injunctive and declaratory relief, damages, attorneys' fees pursuant to 42 U.S.C. § 1988, and costs.

## COUNT II
### Violation of the First Amendment
### (Against Defendant SEIU 503)

90. Plaintiffs reallege and incorporate by reference the paragraphs set forth above in each section of this Complaint.

91. SEIU 503's failure to provide adequate explanation and opportunity to object to deduction of the SEIU Issues Assessment as required by *Chicago Teachers Union, Local No. 1, AFT, AFL-CIO v. Hudson,* 475 U.S. 292 (1986) violates Plaintiffs' and Class Members' First

Amendment rights, as applied to the states by the Fourteenth Amendment.

92. SEIU 503's failure to obtain consent prior to deducting the Issues Assessment from Plaintiffs and Class members as required by *Knox v. Service Employees International Union, Local 1000*, 567 U.S. 298 (2012), violates Plaintiffs' and Class Members' First Amendment rights, as applied to the states by the Fourteenth Amendment.

93. SEIU 503's assessment and collection of the Issues Assessment without notice and opportunity to object does not serve a compelling state interest and is not narrowly tailored to minimize the infringement of Plaintiffs' and Class members' First Amendment rights.

94. Plaintiffs and Class Members have been irreparably injured by a violation of their First Amendment rights, for which there is no adequate remedy at law. As a result, Plaintiffs seek injunctive and declaratory relief, damages, attorneys' fees pursuant to 42 U.S.C. § 1988, and costs.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request on behalf of themselves and all those similarly situated, that this Court:

A. Issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, *et seq.*, that Defendants have violated the First Amendment, as applied to the states by the Fourteenth Amendment, by deducting and/or collecting the SEIU Issues Assessment from Plaintiffs and Class Members without first (1) providing notice, and (2) receiving a valid waiver of First Amendment rights from Plaintiffs and Class Members;

B. Permanently enjoin Defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from deducting or collecting the SEIU Issues Assessment from Plaintiffs and Class Members absent notice and a valid waiver of First Amendment rights;

  C. Require Defendants to pay Plaintiffs and Class Members nominal and compensatory damages pursuant to 42 U.S.C. § 1983 together with any interest accumulated on such sums;

  D. Award Plaintiffs their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988; and

  E. Grant other and additional relief as the Court may deem just and proper.

Dated: April 2, 2020

            /s/ Rebekah C. Millard
            REBEKAH C. MILLARD, OSB #121199

            JAMES G. ABERNATHY, OSB #161867
            Freedom Foundation
            PO Box 552
            Olympia, WA  98507
            Telephone: 360.956.3482
            RMillard@freedomfoundation.com
            JAbernathy@freedomfoundation.com

            *Attorneys for Plaintiffs*



P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874