SCOTT A. KRONLAND (Lead Counsel, *pro hac vice pending*)
JEFFREY B. DEMAIN (*pro hac vice pending*)
CORINNE JOHNSON (*pro hac vice pending*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail: skronland@altber.com

JAMES S. COON, OSB No. 771450 (Local Counsel)
THOMAS, COON, NEWTON & FROST
820 SW Second Ave., Suite 200
Portland, OR 97204
Telephone: (503) 228-5222
Facsimile: (503) 273-9175
E-mail: jcoon@tcnf.legal

*Attorneys for Defendant SEIU Local 503, OPEU*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| RYAN CRAM, LAURA BAILEY, RICHARD CAMPBELL, BARBARA GRABELL, RENEE LEHNER, KATHERINE MANGLONA, DEANNE MURFIN, RUTH OLSON, CORI STEPHENS, and KATHLEEN TRYON, as individuals and representatives of the respective requested classes;<br><br>        Plaintiff,<br><br>  v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 503, OREGON PUBLIC EMPLOYEES UNION, a labor organization; and KATY COBA, in her official capacity as Director of the Oregon Department of Administrative Services;<br><br>        Defendants. | Case No. 6:20-cv-00544-MK<br><br>**DEFENDANT SEIU LOCAL 503'S ANSWER TO COMPLAINT** |

Defendant SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 503, OREGON PUBLIC EMPLOYEES UNION ("SEIU Local 503") answers Plaintiffs' Complaint (Dkt. 1), dated April 2, 2020, as follows. Except as expressly admitted, all allegations are denied.

1. SEIU Local 503 admits that SEIU Local 503 is Oregon's largest public-sector labor union. SEIU Local 503 admits that more than 20 years ago the members of SEIU Local 503 voted to approve an ongoing dues assessment of $2.75 per month (prorated for part-time employees) to advance and defend the interests of SEIU Local 503 bargaining unit workers through ballot measure and public education activities. SEIU Local 503 denies that the expenditures paid for with this dues assessment were classified as chargeable expenses to objecting fair-share fee payors during the relevant time period. SEIU Local 503 otherwise denies the allegations of Paragraph 1.

2. Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 2.

3. SEIU Local 503 admits that the Plaintiffs other than Lehner are public employees in bargaining units represented by SEIU Local 503. SEIU Local 503 otherwise denies the allegations of Paragraph 3.

4. SEIU Local 503 denies the allegations of Paragraph 4.

5. SEIU Local 503 admits that Paragraph 5 describes the relief Plaintiffs seek. SEIU Local 503 otherwise denies the allegations of Paragraph 5.

6. SEIU Local 503 lacks sufficient knowledge to admit or deny the allegations of Paragraph 6 and on that basis denies such allegations.

7. SEIU Local 503 lacks sufficient knowledge to admit or deny the allegations of Paragraph 7 and on that basis denies such allegations.

8. SEIU Local 503 lacks sufficient knowledge to admit or deny the allegations of Paragraph 8 and on that basis denies such allegations.

9. SEIU Local 503 lacks sufficient knowledge to admit or deny the allegations of Paragraph 9 and on that basis denies such allegations.

10. SEIU Local 503 lacks sufficient knowledge to admit or deny the allegations of Paragraph 10 and on that basis denies such allegations.

11. SEIU Local 503 lacks sufficient knowledge to admit or deny the allegations of Paragraph 11 and on that basis denies such allegations.

12. SEIU Local 503 lacks sufficient knowledge to admit or deny the allegations of Paragraph 12 and on that basis denies such allegations.

13. SEIU Local 503 admits that SEIU Local 503 is a statewide labor organization with its headquarters located at 1730 Commercial Street SE, Salem, Oregon 97302. SEIU Local 503 admits that Plaintiffs other than Lehner are employed in bargaining units represented by SEIU Local 503. SEIU Local 503 otherwise denies the allegations of Paragraph 13.

14. SEIU Local 503 admits that the Oregon Department of Administrative Services processes payroll for state employees. SEIU Local 503 admits that Katy Coba is Director of the Oregon Department of Administrative Services and is sued in her official capacity. SEIU Local 503 otherwise denies the allegations of Paragraph 14.

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 admits that the Court has subject matter jurisdiction, but denies that Plaintiffs' request for prospective relief presents a justiciable case or controversy.

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 admits that venue is proper.

17. SEIU Local 503 admits that, in 1999, the members of SEIU Local 503 voted to approve an ongoing dues assessment of $2.75 per month (prorated for part-time employees) to advance and defend the interests of SEIU Local 503 bargaining unit workers through ballot measure and public education activities. SEIU Local 503 denies that the expenditures paid for with this dues assessment were classified as chargeable expenses to objecting fair-share fee payors during the relevant time period. SEIU Local 503 otherwise denies the allegations of Paragraph 17.

18. SEIU Local 503 admits that Paragraph 18 accurately quotes a portion of SEIU Local 503's Administrative Policies and Procedures Manual. SEIU Local 503 otherwise denies the allegations of Paragraph 18.

19. SEIU Local 503 denies the allegations of Paragraph 19.

20. SEIU Local 503 admits that the $2.75 deduction appears as a separate line item on employee paystubs as "SEIU Issues." SEIU Local 503 otherwise denies the allegations of Paragraph 20.

21. SEIU Local 503 denies the allegations of Paragraph 21.

22. SEIU Local 503 admits that, at the present time, none of the Plaintiffs is a member of SEIU Local 503. SEIU Local 503 otherwise denies the allegations of Paragraph 22.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 admits that Paragraph 23 contains a general summary of part of the holding of *Abood*. SEIU Local 503 admits that, during the relevant time

period, it classified the expenditures paid for with the dues assessment as non-chargeable for purposes of *Abood*. SEIU Local 503 otherwise denies the allegations of Paragraph 23.

24. The first sentence of Paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of the first sentence of Paragraph 24. SEIU Local 503 otherwise denies the allegations of Paragraph 24.

25. Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 25.

26. Paragraph 26 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 26.

27. SEIU Local 503 admits that the Oregon Department of Administrative Services processes authorized payroll deductions of union dues, including the dues assessment listed as "SEIU Issues" on employee paystubs. SEIU Local 503 denies that such deductions are made without employee authorizaton and otherwise denies the allegations of Paragraph 27.

28. SEIU Local 503 denies the allegations of Paragraph 28.

29. SEIU Local 503 denies the allegations of Paragraph 29.

30. SEIU Local 503 admits that prior to June 27, 2018, employees in Plaintiffs' bargaining units who were not SEIU Local 503 members were required to pay fair-share fees and could obtain an advance rebate of the portion of the fair-share fees not germane to collective bargaining representation in accordance with then-controlling precedent. SEIU Local 503 otherwise denies the allegations of Paragraph 30.

31. SEIU Local 503 denies the allegations of Paragraph 31.

32.     SEIU Local 503 admits that, prior to June 27, 2018, SEIU Local 503 used an advance rebate procedure for fair-share fee collection, in accordance with then-controlling precedent.  SEIU Local 503 otherwise denies the allegations of Paragraph 32.

33.     SEIU Local 503 denies the allegation of Paragraph 33.

34.     SEIU Local 503 admits the allegations of Paragraph 34.

35.     SEIU Local 503 admits that, during the period prior to *Janus* when Cram was not a union member, fair-share fees were deducted from his wages, including the $2.75 per month listed as "SEIU Issues" on employee paystubs, and forwarded to SEIU Local 503.  SEIU Local 503 denies that the expenditures paid for with the money collected for "SEIU Issues" were classified as chargeable expenses to objecting fair-share fee payors during the relevant time period.  SEIU Local 503 otherwise denies the allegations of Paragraph 35.

36.     SEIU Local 503 admits that Cram asked SEIU Local 503 for an expanation of the deduction listed as "SEIU Issues" on employee paystubs.  SEIU Local 503 denies the remaining allegations of Paragraph 36.

37.     SEIU Local 503 admits the allegations of Paragraph 37.

38.     SEIU Local 503 admits that Grabell has been a non-member of SEIU Local 503 since December 1998.  SEIU Local 503 admits that, during the period prior to *Janus* when Grabell was not a union member, fair-share fees were deducted from her wages, including the $2.75 per month listed as "SEIU Issues" on employee paystubs, and forwarded to SEIU Local 503.  SEIU Local 503 denies that the expenditures paid for with the money collected for "SEIU Issues" were classified as chargeable expenses to objecting fair-share fee payors during the relevant time period.  SEIU Local 503 otherwise denies the allegations of Paragraph 38.

39.     SEIU Local 503 admits the allegations of Paragraph 29.

40. SEIU 503 admits that Lehner has been a non-member of SEIU Local 503 since approximately August 2013. SEIU Local 503 admits that, during the period prior to *Janus* when Lehner was not a union member, fair-share fees were deducted from her wages, including the $2.75 per month listed as "SEIU Issues" on employee paystubs, and forwarded to SEIU Local 503. SEIU Local 503 denies that the expenditures paid for with the money collected for "SEIU Issues" were classified as chargeable expenses to objecting fair-share fee payors during the relevant time period. SEIU Local 503 otherwise denies the allegations of Paragraph 40.

41. SEIU Local 503 admits the allegations of Paragraph 41.

42. SEIU 503 admits that Olson has been a non-member of SEIU Local 503 since May 2018. SEIU Local 503 admits that, during the period prior to *Janus* when Olson was not a union member, fair-share fees were deducted from her wages, including the $2.75 per month listed as "SEIU Issues" on employee paystubs, and forwarded to SEIU Local 503. SEIU Local 503 denies that the expenditures paid for with the money collected for "SEIU Issues" were classified as chargeable expenses to objecting fair-share fee payors during the relevant time period. SEIU Local 503 otherwise denies the allegations of Paragraph 42.

43. SEIU Local 503 admits that employees who choose to become members of SEIU Local 503 sign argeements that authorize payment of their membership dues through payroll deduction, and that some of those agreements authorize the deduction of dues for a specfied period of time. SEIU Local 503 otherwise denies the allegations of Paragraph 503.

44. SEIU Local 503 admits the allegations of Paragraph 44.

45. SEIU Local 503 admits that members may resign their union membership at any time, that deductions will sometimes continue for a period of time after resignation pursuant to the terms of the employee's authorized membership agreement, and that many employees have

signed membership agreements that provide for the cancellation of deductions only during an annual window period.  SEIU Local 503 otherwise denies the allegations of Paragraph 45.

46. SEIU Local 503 refers the Court to its membership application for a complete statement of its contents.  SEIU Local 503 lacks sufficient knowledge to admit or deny the remaining allegations of Paragraph 46 and on that basis denies the allegations.

47. SEIU Local 503 denies the allegations of Paragraph 47.

48. SEIU Local 503 admits the allegations of Paragraph 48.

49. SEIU Local 503 admits that Stephens signed a membership application for SEIU Local 503 on August 23, 2017.  SEIU Local 503 admits that, at that time, non-members in the bargaining unit were required to pay fair-share fees.  SEIU Local 503 denies that the expenditures paid for with the money collected for "SEIU Issues" were classified as chargeable expenses to objecting fair-share fee payors during the relevant time period.  SEIU Local 503 otherwise denies the allegations of Paragraph 49.

50. SEIU Local 503 admits that, on or about August 3, 2018, Stephens resigned her union membership and requested cancellation of further dues deductions.  SEIU Local 503 admits that the deductions, including for the assessment listed as "SEIU Issues" on employee paystubs, continued for Stephens until approximately July 7, 2019 in accordance with the terms of Stephens' voluntary deduction authorization.  SEIU Local 503 otherwise denies the allegations of Paragraph 50.

51. SEIU Local 503 lacks sufficient knowledge to admit or deny the allegations of Paragraph 51 and on that basis denies such allegations.

52. SEIU Local 503 admits the allegations of Paragraph 52.

53. SEIU Local 503 admits that Baily signed a membership application for SEIU Local 503 on September 11, 2017.  SEIU Local 503 admits that, at that time, non-members in the bargaining unit were required to pay fair-share fees.  SEIU Local 503 denies that the expenditures paid for with the money collected for "SEIU Issues" were classified as chargeable expenses to objecting fair-share fee payors during the relevant time period.  SEIU Local 503 otherwise denies the allegations of Paragraph 53.

54. SEIU Local 503 denies the allegations of Paragraph 54.

55. SEIU Local 503 admits that, in or near November 2018, Baily resigned her union membership and requested cancellation of further dues deductions.  SEIU Local 503 admits that the deductions, including for the assessment listed as "SEIU Issues" on employee paystubs, continued for Baily until July 2019 in accordance with the terms of Baily's voluntary deduction authorization.  SEIU Local 503 otherwise denies the allegations of Paragraph 55.

56. SEIU Local 503 admits the allegations of Paragraph 56.

57. SEIU Local 503 admits that Campbell signed a membership application for SEIU Local 503 on November 9, 2017.  SEIU Local 503 admits that, at that time, non-members in the bargaining unit were required to pay fair-share fees.  SEIU Local 503 denies that the expenditures paid for with the money collected for "SEIU Issues" were classified as chargeable expenses to objecting fair-share fee payors during the relevant time period.  SEIU Local 503 otherwise denies the allegations of Paragraph 57.

58. SEIU Local 503 admits that, on October 26, 2018, Campbell resigned his union membership and requested cancellation of further dues deductions.  SEIU Local 503 admits that the deductions, including for the assessment listed as "SEIU Issues" on employee paystubs, continued for Campbell until September 29, 2019 in accordance with the terms of Campbell's

voluntary deduction authorization. SEIU Local 503 otherwise denies the allegations of Paragraph 58.

59.  SEIU Local 503 admits the allegations of Paragraph 59.

60.  SEIU Local 503 admits that Manglona signed a membership application for SEIU Local 503. SEIU Local 503 admits that Manglona subsequently resigned her union membership and requested cancellation of further dues deductions. SEIU Local 503 admits that the deductions, including for the assessment listed as "SEIU Issues" on employee paystubs, continued for Manglona until June 2019 in accordance with the terms of Manglona's voluntary deduction authorization. SEIU Local 503 otherwise denies the allegations of Paragraph 60.

61.  SEIU Local 503 admits the allegations of Paragraph 61.

62.  SEIU Local 503 admits that Murfin signed a membership application for SEIU Local 503 on April 17, 2019.

63.  SEIU Local 503 admits that, on or near June 25, 2019, Murfin resigned her union membership and requested cancellation of further dues deductions. SEIU Local 503 admits that the deductions, including for the assessment listed as "SEIU Issues" on employee paystubs, continued for Murfin until March 3, 2020 in accordance with the terms of Murfin's voluntary deduction authorization. SEIU Local 503 otherwise denies the allegations of Paragraph 63.

64.  SEIU Local 503 admits the allegations of Paragraph 64.

65.  SEIU Local 503 admits that Tryon signed a membership application for SEIU Local 503 on August 19, 2017. SEIU Local 503 admits that, at that time, non-members in the bargaining unit were required to pay fair-share fees. SEIU Local 503 denies that the expenditures paid for with the money collected for "SEIU Issues" were classified as chargeable

expenses to objecting fair-share fee payors during the relevant time period. SEIU Local 503 otherwise denies the allegations of Paragraph 65.

66. SEIU Local 503 admits that, on October 16, 2018, Tryon resigned her union membership and requested cancellation of further dues deductions. SEIU Local 503 admits that the deductions, including for the assessment listed as "SEIU Issues" on employee paystubs, continued for Tryon until July 5, 2019 in accordance with the terms of Tryon's voluntary deduction authorization. SEIU Local 503 otherwise denies the allegations of Paragraph 66.

67. SEIU Local 503 admits that Paragraph 67 describes classes that Plaintiffs seek to represent but denies that class certification is appropriate and otherwise denies the allegations of Paragraph 67.

68. SEIU Local 503 lacks sufficient knowledge to admit or deny the allegations of the first sentence of Paragraph 68 and on that basis denies such allegations. The second sentence of Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of the second sentence of Paragraph 68.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 69.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 70.

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 71.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 72.

73. Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 73.

74. Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 74.

75. Paragraph 75 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 75.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 76.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 77.

78. Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 78.

79. SEIU Local 503 reasserts and incorporates by reference the paragraphs set forth above in this Answer.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 80.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 81.

82. Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 82.

83. SEIU Local 503 lacks sufficient knowledge to admit or deny the allegations of Paragraph 83 and on that basis denies such allegations.

84. SEIU Local 503 refers the Court to its membership forms for a complete statement of their contents and otherwise denies the allegations of Paragraph 84.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, SEIU Local 503 denies the allegations of Paragraph 85.

86. SEIU Local 503 reasserts and incorporates by reference the paragraphs set forth above in this Answer.

87. SEIU Local 503 denies the allegations of Paragraph 87.

88. SEIU Local 503 denies the allegations of Paragraph 88.

89. SEIU Local 503 admits that Paragraph 89 accurately describes the relief that Plaintiffs seek in this case, but denies that they have been injured in any regard or are entitled to any relief. SEIU Local 503 denies the remaining allegations of Paragraph 89.

90. SEIU Local 503 reasserts and incorporates by reference the paragraphs set forth above in this Answer.

91. SEIU Local 503 denies the allegations of Paragraph 91.

92. SEIU Local 503 denies the allegations of Paragraph 92

93. SEIU Local 503 denies the allegations of Paragraph 93.

94. SEIU Local 503 admits that Paragraph 94 accurately describes the relief that Plaintiffs seek in this case, but denies that they have been injured in any regard or are entitled to any relief. SEIU Local 503 denies the remaining allegations of Paragraph 94.

95. SEIU Local 503 denies that Plaintiffs are entitled to any of the relief sought in their Prayer.

///

///

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Statute of Limitations)

Plaintiffs' claims are barred to the extent they accrued more than two years prior to the filing of the Complaint.

### Second Affirmative Defense (Lack of Standing)

Plaintiffs lack standing to seek prospective relief because they are not union members and are not subject to any deductions for union dues or fees.

### Third Affirmative Defense (Good Faith)

Plaintiffs' claims are barred because SEIU Local 503 acted in good faith, in reliance on then-existing statutory and decisional law.

### Fourth Affirmative Defense (Lack of State Action)

Plaintiffs' claims based on their own agreements with SEIU Local 503 are barred because of the lack of state action.

### Fifth Affirmative Defense (Consent)

Plaintiffs' claims are barred because they consented to the actions they seek to challenge

### Sixth Affirmative Defense (Contract)

Plaintiffs' claims are barred because the plaintiffs who became union members entered into valid contracts with SEIU Local 503.

### Seventh Affirmative Defense (Waiver)

Plaintiffs waived their rights to contest the actions they seek to challenge.

### Eighth Affirmative Defense (Offset)

Any recovery must be offset by the benefits Plaintiffs obtained from SEIU Local 503.

### Ninth Affirmative Defense (Qualified Immunity)

If SEIU Local 503 is considered a state actor, Plaintiffs' claims for relief are barred by qualified immunity.

### Tenth Affirmative Defense (Estoppel)

Plaintiffs are estopped from seeking relief for actions to which they agreed or to which they failed to object.

### PRAYER

WHEREFORE, SEIU Local 503 prays that the Court:

1. Deny Plaintiffs any relief and enter judgment in favor of SEIU Local 503.

2. Award SEIU Local 503 its costs and attorneys' fees.

3. Award Defendants such other and further relief as is just and proper.

DATED: June 1, 2020

By:   /s/Scott A. Kronland

Scott Kronland (pro hac vice pending)
Jeffrey B. Demain (pro hac vice pending)
Corinne Johnson (pro hac vice pending)
Altshuler Berzon LLP

James S. Coon
Thomas, Coon, Newton & Frost

*Attorneys for Defendant Service Employees International Union Local 503, Oregon Public Employees Union*